GORDON (HINES v.). See Case No. 18,302.

## Case No. 18,298.

### GORMLEY v. SMITH.

[2 Hayw. & H. 202.][1]

Circuit Court, District of Columbia. April 17, 1856.

CONTRACTS—DAMAGES FOR BREACH—PROSPECTIVE PROFITS.

1. On a contract with the defendant to haul all the stone which the defendant had contracted to supply for the capitol extension, the plaintiff hauled about one-half, and was forbidden by the defendant to proceed further.

[1] [Reported by John A. Hayward, Esq., and Geo. C. Hazleton, Esq.]

2. In an action on the contract it was held: That the plaintiff is entitled to the contract price for the stone he had hauled, and the gain or profit he would have made if he had been allowed to complete the contract.

At law. Action for work and labor. This action of trespass on the case was brought on the following bill of particulars:

Bartlett Smith, to Philip Gormley, Dr.

| Aug., 1851, to May, 1852. | To hauling 15,664 perches of gneiss rock for the extension of the U. S. Capitol, at 40 cents per perch.... | $6,265 60 |
| May, 1852, to Dec., 1852. | To profit on hauling 17,976 perches of gneiss rock for same, said profit being 18 cents per perch.......... | 3,495 37 |
| | | $9,760 97 |
| Dec., 1852. | By cash to this date... | 3,370 00 |
| | Balance due ................. | $6,390 97 |

On the trial of the case the following instructions were prayed for by the respective counsel. On the trial of this cause, the plaintiff, to maintain the issue on his part, gave in evidence the proposition in writing from the plaintiff to the defendant, and proved by Samuel Strong, a witness on his part, produced by him, that the witness was the superintendent of the work of the extension of the capitol; and that he received from the defendant the said paper, and that the defendant in his presence accepted the said proposition, and the witness then and there noted the said acceptance at the bottom of the said paper. That the plaintiff thereafter promptly proceeded to perform the said contract on his part till he was forbidden from proceeding further by the defendant, who rescinded the contract, without expressing any reason for so doing. That the plaintiff had in part discharged his duty under said contract faithfully till then, and was prepared and able, and offered to complete it. And that the fair gain which he would have made thereon was 18 cents per perch, and that the whole amount of the stone hauled for the said work, from the said canal, was 33,640 perches, of which the said plaintiff hauled 15,664. That while the said work was progressing, the said Smith assigned his contract for the north wing to one O'Neal. That the plaintiff offered and was ready to proceed, notwithstanding said assignment, but that the defendant, aforesaid, assigned the same so as to cut off the plaintiff's right, and that he was notified by the plaintiff that he should claim the hauling of the whole and hold him responsible; but the defendant nevertheless forbade the plaintiff from further proceeding.

The witness further proved that the contract between the plaintiff and the defendant was for the hauling of all the stone which should be required for the capitol extension both wings, for the supply of all of the stone the defendant held a contract with

the government. And thereupon the defendant prayed the court to instruct the jury that the plaintiff is only entitled to recover in this action the balance of the account for stone actually hauled at the rate proven, and not for any gain or profit which he would have made if he had hauled all the stone required for the said work. Which instruction the court (DUNLOP, MORSELL and MERRICK), refused to give, to which refusal the defendant, through his attorney, excepted.

Verdict for the plaintiff. Damages $6,399.-97, with interest, from Dec. 1, 1852. Motion for new trial.

W. D. Davidge and Mr. Ennis, for plaintiff. J. M. Carlisle, for defendant.

Motion overruled and judgment on the verdict.